Case 2:21-cv-01382-MKB-JMW   Document 49   Filed 12/13/22   Page 1 of 19 PageID #: 458

**FILED
CLERK**

December 13, 2022

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DONG HUI CHEN,
 on his own behalf and on behalf of other similarly situated

                                  Plaintiff,

       -against-

THAI GREENLEAF RESTAURANT CORP
  d/b/a Thai Green Leaf; and
THAI GREEN LEAF INC
  d/b/a Thai Green Leaf;
XIAOGUANG LIN
      a/k/a Xiao Guang Lin;
XIAOKAI LIN
      a/k/a Xiao Kai Lin;
HENGKENG LIN
      a/k/a Heng Keng Lin;
      a/k/a Kenny Lin;
YIMEI LIN
      a/k/a Yi Mei Lin;
WEN CHEN
      a/k/a Chen Wen;
DAN WEN,
XIURONG ZHANG
      a/k/a Xiu Rong Zhang,

                                Defendants.
----------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
21-CV-01382 (MKB)(JMW)

**A P P E A R A N C E S:**

Aaron Schweitzer
**Troy Law, PLLC**
41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
*Attorney for Plaintiff*

Michael B. Mirotznik
**Mirotznik & Associates, LLC**
2115 Hempstead Turnpike
East Meadow, NY 11554
*Attorney for Defendants*

1

**WICKS,** Magistrate Judge:

Plaintiff Dong Hui Chen ("Plaintiff" or "Chen") commenced this action on March 16, 2021, asserting violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq*. and New York Labor Law ("NYLL") against Defendants Thai Greenleaf Restaurant Corp d/b/a Thai Green Leaf; and Thai Green Leaf Inc d/b/a Thai Green Leaf; Xiaoguang Lin a/k/a Xiao Guang Lin; Xiaokai Lin a/k/a Xiao Kai Lin; Hengkeng Lin a/k/a Heng Keng Lin a/k/a Kenny Lin; Yimei Lin a/k/a Yi Mei Lin; Wen Chen a/k/a Chen Wen; Dan Wen; and Xiurong Zhang a/k/a Xiu Rong Zhang ("Defendants") on behalf of himself as well as other employees similarly situated. (DE 1.) Before the Court, on referral from the Honorable Chief Judge Margo K. Brodie, is Plaintiff's motion to amend his Complaint pursuant to Rule 15(a) to (1) add opt-in plaintiff Xiaoyan Zhong ("Zhong"); (2) remove Thai Green Leaf Inc. and Xiurong Zhang ("Zhang"), named defendants who were voluntarily dismissed on March 23, 2022, from the caption and body of the Complaint; (3) assert FLSA and NYLL claims against Greenleaf Restaurant Inc. d/b/a Thai Green Leaf and Feng Zhu Chen as successors to Thai Greenleaf Restaurant Corp, and fraudulent transfer claims against all Defendants; and (4) remove irrelevant/improper causes of action. (DE 34, DE 37.)[1]

For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be GRANTED in part and DENIED in part.

## I.   BACKGROUND

According to the Complaint, Defendants own and operate Thai restaurants in East Northport and Copiague. (*See* DE 1.) Defendants employ at least five employees at their

---

[1] The Court notes that the relief Plaintiff seeks is not clear from his moving papers. For an explanation of the amendments sought, *see infra*, III.

2

restaurant: one fry wok, one oil wok, two delivery people and one cashier. (*Id.* at ¶ 41.) Plaintiff alleges that he was employed to work the fry wok from April 5, 2020, through December 27, 2020. (*Id.* at ¶ 51.) He alleges that Defendants failed to pay him and other employees minimum wage, overtime pay, and failed to provide required notices as required by the FLSA and NYLL. (*Id.* at ¶ 43-44.)

In connection with Plaintiff's FLSA claims, Plaintiff seeks: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post judgement interest; and (4) attorney's fees and cost. (*Id.* at ¶ 3.) In connection with Plaintiff's NYLL claims, Plaintiff seeks: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists required information, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs. (*Id.* at ¶ 4.)

At the initial conference, Defendants took the position that Plaintiff never worked at their restaurant. (DE 22.) In light of this fundamental factual dispute, the Court ordered limited and focused discovery, directing Plaintiff to "produce to Defendants . . . all documentation, evidence or other proof supporting [Plaintiffs'] allegations that Plaintiff[s] worked at the Defendant restaurant." (*Id.*) From there, the parties agreed to engage in further limited discovery on the

3

issue, including document disclosures and depositions, and ultimately hold a limited evidentiary hearing. (DE 24-33.)[2]

On May 13, 2022, Plaintiff moved for leave to amend the Complaint.[3] (*See* DE 34; DE 37.) On June 3, 2022, Defendants filed opposition. (DE 36.) On June 28, 2022, the Court held a motion hearing on Plaintiff's motion to amend and Defendants' motion for sanctions. (DE 38.) The Court heard argument by both parties and reserved decision. (*Id.*)

## II. LEGAL STANDARD

Leave to amend "shall be freely given when justice so requires." Fed R. Civ. P 15(a). "Generally, amendments are favored, as they tend to facilitate a proper decision on the merits." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (quotes omitted). "Thus, leave to amend a complaint . . . 'should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court.'" *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting *DeFazio v. Wallis*, No. 05–CV–5712 (ADS) (ARL), 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006)).

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citation omitted). Bad faith may exist "where a party deliberately waited to see how they would fare on the prior motion to dismiss before requesting leave to amend" or "when a party withholds facts clearly known to it prior to the filing of the complaint,

---

[2] Plaintiff's counsel's conduct arising out of the evidentiary hearing is the subject of a separate motion for sanctions by Defendants, which is *sub judice* before the undersigned. (DE 33.)

[3] Plaintiff timely did so in compliance with the Court's March 7, 2022 Order providing that motions to join additional parties and/or amend the pleadings may be made no later than May 13, 2022.

4

particularly when done with some ulterior purpose." *Bank v. Spark Energy, LLC*, 19-CV-04478 (PKC) (LB), 2020 WL 6873436, at *2 (E.D.N.Y. Nov. 23, 2020) (internal quotation marks and citations omitted). "An amendment is considered futile if the proposed claim would not survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6)." *Bodenmiller v. Cnty. of Suffolk*, No. 20-CV-0414(JMA)(ARL), 2021 WL 4555884, at *4 (E.D.N.Y. Aug. 30, 2021), *report and recommendation adopted*, No. 20-CV-414(JMA)(ARL), 2021 WL 4553177 (E.D.N.Y. Oct. 5, 2021). And "[i]n determining what constitutes prejudice, [courts] consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350 (internal quotation marks and citation omitted).

### III.    DISCUSSION

As a preliminary matter, Plaintiff's moving papers are riddled with typographical errors, mistakes and bafflegab, rendering them indecipherable at times. For instance, in the Declaration of John Troy in Support of Motion for Leave to File First Amended Complaint ("Troy Decl."), Troy declares that Plaintiff seeks an Order permitting Plaintiff to amend the Complaint to:

1. add the New York Labor Law claims of opt-in Plaintiff XIAOYAN ZHANG;

2. name XIURONG ZHANG a/k/a Xiu Rong Zhang as an Individual Defendant; and

3. name THAI GREEN LEAF INC. d/b/a Thai Green Leaf as a Corporate Defendant.

(DE 34-1 at ¶ 2.) The supporting memorandum of law mirrors this relief. (DE 34-4.) However, *not one item* above matches the actual proposed changes made in the proposed amended pleading ("Amended Complaint"). (*See* DE 34-3.) On reply, Plaintiff's counsel concedes to

5

these errors, explaining the mistakes are because he copied and pasted portions of his declaration from another case, copied and pasted the legal standard and argument section from a prior motion whereby the irrelevant portions "slipped through," and was "confused" between adding and removing certain defendants in this action. (DE 37 at ¶¶ 2-8.) Recognizing these errors, Plaintiff clarifies the goals of the amended pleading in his reply. (DE 37.) According to Plaintiff, the Court should refer to the red-lined amended pleading for the purposes of this motion because it accurately depicts the proposed amended claims and parties. (*Id.* at ¶ 6.)

Plaintiff clarifies that he is actually seeking four amendments to his Complaint. *First*, Plaintiff seeks to add opt-in plaintiff Zhong. The Court notes that Plaintiff's papers repeatedly refer to the opt-in plaintiff as "Xiaoyan Zhang," but the Court adopts the opt-in plaintiff's name as written in the amended pleading, Xiaoyan Zhong. (*See* DE 34-3.)

*Second*, Plaintiff seeks to remove Thai Green Leaf Inc. and Xiurong Zhang ("Zhang"), named defendants who were voluntarily dismissed on March 23, 2022, from the caption and body of the Complaint. Plaintiff's opening papers mistakenly state that Plaintiff is seeking to "*add* XIURONG ZHANG a/k/a Xiu Rong Zhang and THAI GREEN LEAF INC. D/B/A Thai Green Leaf as Defendants." (DE 34-4 at 1; DE 34-1 at ¶ 2) (emphasis added.) Plaintiff clarifies on reply that he is actually seeking to *remove* Thai Green Leaf Inc. and Zhang from the caption and Complaint—in furtherance of their voluntary dismissal from the action—and any reference to adding them was made in error. (DE 37 at ¶¶ 5-7.)

*Third*, Plaintiff seeks to assert FLSA and NYLL claims against Greenleaf Restaurant Inc. d/b/a Thai Green Leaf and Feng Zhu Chen as successors to Thai Greenleaf Restaurant Corp., and assert fraudulent transfer claims against all Defendants. (*Id.*) Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Leave to File an Amended Complaint advances no

6

arguments to support its addition of these claims and Plaintiff only addresses the fraudulent transfer claim on reply.

*Fourth*, Plaintiff seeks to remove irrelevant/improper causes of action. The Court addresses each proposed amendment in turn below.

### A. Opt-in Plaintiff Zhong

Plaintiff seeks to amend his Complaint to add opt-in Plaintiff Zhong. (DE 34-3 at ¶ 10.) The Amended Complaint states that Zhong was employed to work as an oil wok at Defendants' Northport restaurant from December 22, 2020, through December 28, 2020. (*Id.* at ¶ 76.) Zhong alleges that Defendants failed to provide overtime pay, fixed breaks for lunch and dinner, required notices, and earnings statement. (*Id.* at ¶¶ 77-86.) Zhong filed her Consent to become a Party Plaintiff on August 6, 2021, to pursue both state and federal claims. (DE 23.) Plaintiff argues that Zhong's federal claims are already before this Court and that pendant jurisdiction exists over the state law claims because hearing the case would require "de minimus additional court resources." (DE 34-4 at 5.) Whereas, requiring Zhong to commence a new action in state court or bring an administrative complaint would burden the courts and/or the Department Labor, risk inconsistent results, waste judicial resources, and place a heavy burden on Defendants in having to litigate two cases. (*Id.* at 5.) Plaintiff further argues there would be no undue prejudice to the Defendants because discovery is still ongoing. (*Id.* at 5-6.) Defendants do not object to Plaintiff amending his complaint to add opt-in plaintiff Zhong. (DE 36-1 at 4.)

In the FLSA context, Courts in this Circuit often permit a plaintiff to amend its pleading to include an opt-in plaintiff and his/her supplemental NYLL claims. *See e.g.*, *Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 294 (S.D.N.Y. 2019) (granting plaintiff's motion to amend to add opt-in plaintiffs and claims brought under NYLL); *Scott v. Chipotle Mexican Grill, Inc.*, 300

7

F.R.D. 193, 201 (S.D.N.Y. 2014) (granting plaintiff's motion to amen to convert four opt-in plaintiffs to named plaintiffs and to add four additional state labor law class action claims); *Amaya v. Garden City Irrigation, Inc.*, No. 03 CV 2814 FB/RML, 2008 WL 2940529, at \*6 (E.D.N.Y. July 28, 2008) (granting plaintiff's motion to amend to add opt-in plaintiffs as named plaintiff and assert FLSA and NYLL claims).  Further, there is no statute of limitations issue here as Zhong's claims in the Amended Complaint relate back to the original Complaint.  *See* Fed. R. Civ. P. 15(c)(1)(A)-(B); N.Y. C.P.L.R. § 203.  Accordingly, the undersigned respectfully recommends that the branch of Plaintiff's motion which seeks to amend the Complaint to include Zhong be granted.

### B. Removing Defendants Thai Green Leaf Inc. and Zhang

Plaintiff seeks to remove Thai Green Leaf Inc. and Zhang from the caption and the body of the Complaint as to reflect that Thai Green Leaf Inc. and Zhang have been voluntarily dismissed by stipulation dated March 23, 2022.  (DE 32; DE 34-3.)  Defendants take no position as to Thai Green Leaf Inc and Zhang because defense counsel does not represent those parties and Defendants are unaware of their connection to the matter.  (DE 36-1 at 3-4.)  Defendants did not raise any objection to the removal of Thai Green Leaf Inc. and Zhang during oral argument.

Complaints are routinely amended to reflect abandoned and dismissed causes of actions as well as the dismissal of defendants.  *See e.g.*, *U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC*, No. 13-CV-1598(DLI)(SIL), 2017 WL 4480869, at \*7 (E.D.N.Y. Sept. 30, 2017) (granting plaintiff's motion to amend the caption to strike the names of fictious defendants); *Naughright v. Weiss*, No. 10 CIV. 8451, 2013 WL 1859221, at \*2 (S.D.N.Y. May 2, 2013) ("[C]ourts routinely direct the clerk of the court to amend the caption and remove the names of parties that have been dismissed from the action"); *Bettinger v. Doueck*, No. 10 CIV. 7653 PKC, 2011 WL

8

2419799, at *8 (S.D.N.Y. June 3, 2011) (directing the Clerk to amend the caption to remove defendant against whom all claims had been dismissed).

Here, where Thai Green Leaf Inc. and Zhang were voluntarily dismissed by stipulation, and Defendant's do not oppose their removal from the caption and the Complaint, it is respectfully recommended that the branch of Plaintiff's motion which seeks remove Thai Green Leaf Inc. and Zhang from the caption and the Complaint be granted.

### C. Amendments Relating to the Alleged Sale of Thai Greenleaf Restaurant Corp. d/b/a Thai Green Leaf

Plaintiff alleges that Defendant Thai Greenleaf Restaurant Corp. d/b/a Thai Green Leaf ("Thai Green Leaf") was sold to Greenleaf Restaurant Inc. ("Greenleaf Restaurant") and Feng Zhu Chen as part of an "under-the-table deal" for which Plaintiff seeks to assert a fraudulent transfer claim under New York Debtor and Creditor Law ("DCL") against all Defendants. (DE 34-3; DE 37-1.) Plaintiff further seeks to assert FLSA and NYLL claims against proposed defendants Greenleaf Restaurant and Feng Zhu Chen as alleged successors to Thai Green Leaf. (*Id.*)

The Amended Complaint alleges that on December 30, 2021, approximately 9 months after the commencement of this lawsuit, Greenleaf Restaurant purchased Thai Green Leaf, for the purpose of continuing its business. (DE 34-3, ¶¶ 40-41.) Specifically, that Greenleaf Restaurant purchased Thai Green Leaf's lease, equipment, and other business intangibles and continued the restaurant business with the same menu and employees without interruption. (*Id.* at ¶ 41.) Plaintiff alleges that while on paper Thai Green Leaf was sold for $30,000, a significant (but unknown) amount was transferred to Yimei Lin (a named defendant) under the table to avoid taxes. (*Id.* at ¶¶ 42-44.) As a result, Plaintiff alleges that Thai Green Leaf was rendered insolvent. (*Id.*) Plaintiff alleges Thai Green Leaf failed to provide a list of creditors to

9

Greenleaf Restaurant upon its sale and falsely warranted that there were no actions pending against Thai Green Leaf in any court, despite clearly knowing about this action. (*Id.* at ¶¶ 45-46.) Feng Zhu Chen is allegedly the sole owner of Greenleaf Restaurant and executed the contract of sale on behalf of Greenleaf Restaurant. (*Id.* at 48.)

Defendants concede that on December 30, 2021, Defendants Yimei Lin and Thai Green Leaf sold the restaurant to Greenleaf Restaurant but oppose the proposed amendment on the ground that it is futile, made in bad faith, and because it could not withstand a FRCP 12(b)(6) motion to dismiss.

### i. Plaintiff's Proposed Fraudulent Transfer Claim under the DCL

The DCL, as amended by the Uniform Voidable Transfers Act ("UVTA") effective April 4, 2020, provides for two types of fraudulent transfer claims: (1) actual fraudulent transfers (*see* DCL § 273(a)(1)) and (2) constructive fraudulent transfers (*see* DCL §§ 273(a)(2); 274(a)). *See Neuman v. Garcia*, No. 20-CV-10723 (PKC), 2022 WL 4448722, at *11 (S.D.N.Y. Sept. 23, 2022) ("New York's uniform fraudulent conveyance statute, N.Y. Debtor and Creditor Law §§ 270 to 281, describes a variety of conveyances that may be actually or constructively fraudulent to a creditor").

Fraudulent transfers under the statute are made with the actual intent to hinder, delay, or defraud creditors. DCL § 273(a)(1). Claims of actual fraud must be pled to the heightened pleading standard of Rule 9(b). *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005) ("As actual intent to hinder, delay, or defraud constitutes fraud, it must be pled with specificity, as required by Fed.R.Civ.P. 9(b)") (quotes and cites omitted); *Nantong Sanhai Garment Co. v. Fab Mill Inc.*, No. 21 CIV. 859 (NRB), 2022 WL 540756, at *3 (S.D.N.Y. Feb. 23, 2022) ("Claims of actual fraudulent conveyance, on the other hand, must satisfy the heightened pleading

10

standard set forth in Rule 9(b). . ."). Meaning, the complaint must state with particularity the circumstances constituting fraud. *Id.* Because a debtor's actual intent "is rarely susceptible to direct proof", DCL § 273(b) enumerates several "factors" to which "consideration may be given" in "determining actual intent." *See* DCL § 273(b).[4] Such "factors" include:

(1) the transfer or obligation was to an insider;

(2) the debtor retained possession or control of the property transferred after the transfer;

(3) the transfer or obligation was disclosed or concealed;

(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) the transfer was of substantially all the debtor's assets;

(6) the debtor absconded;

(7) the debtor removed or concealed assets;

(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

---

[4] Prior to the statute's April 2020 amendment and inclusion of these factors, a claimant could rely on certain "badges of fraud" to demonstrate an inference of intent. *See Ray v. Ray*, 799 F. App'x 29, 32 (2d Cir. 2020); *Schneider v. Barnard*, 508 B.R. 533, 541 (E.D.N.Y. 2014). The factors *now* enumerated in DCL § 273(b) are similar to those "badges of fraud" formerly set out by case law, which include: (1) a close relationship between the parties to the transaction; (2) a secret and hasty transfer not in the usual course of business; (3) inadequacy of consideration; (4) the transferor's knowledge of the creditor's claim and his or her inability to pay it; (5) the use of dummies or fictitious parties; and (6) retention of control of the property by the transferor after the conveyance. *Am. Builders & Contractors Supply Co. v. Macaluso Enterprises, Ltd.*, No. 21-CV-6433 (CJS), 2022 WL 1809401, at *5 (W.D.N.Y. June 2, 2022).

DCL § 273(b)(1)-(11).

Constructive fraudulent transfers are transfers that the law also considers to be fraudulent. *See* DCL § 273(a)(2). The Supplementary Practice Commentaries to DCL § 273 instruct that "the voidability of [constructively fraudulent] transactions is unrelated to proof of the debtor's intent, but turns on objective facts concerning the debtor's distressed financial condition and the inadequate consideration it received." James Gadsden and Alan Kolod, Supplementary Practice Commentaries, DCL § 273. A transaction is voidable as constructively fraudulent "if the debtor did not receive reasonably equivalent value and the debtor either (i) was left with unreasonably small assets for a business or transaction in which it was engaged or about to engage or (ii) intended to incur or believed or reasonably should have believed that it would incur debts beyond its ability to repay as they came due." *Id.*

Here, Plaintiff's proposed claim for fraudulent transfer is one of *actual* fraudulent conveyance. (DE 34-3) ("The sale of business from THAI GREENLEAF RESTAURANT CORP d/b/a Thai Green Leaf to GREENLEAF RESTAURANT INC. was done with ***actual intent*** on the part of the Defendants to hinder, delay, or defraud the Plaintiffs within the meaning of DCL § 273(b)) (emphasis added).[5] Thus, it is subject to the heightened pleading standard of Rule 9(b) as outlined above.

---

[5] During oral argument, the Court questioned Plaintiff on whether the proposed DCL claim was one of actual or constructive fraud. (Transcript of Oral Argument ["Tr."], dated June 28, 2022, at 19:21-25; 20:1.) While Plaintiff's counsel declined to recognize the distinction of the two under the statute, he did concede that Plaintiff needs to establish that the alleged fraudulent conveyance was "intentional" and that it has to do so by "any number of the badges of fraud that are listed in 273(b). . ." (*Id.* at 20:2-10.) This supports a finding that Plaintiff's proposed claim is one of actual fraud.

12

Defendants argue that the proposed DCL claim is futile and made in bad faith insofar as the new cause of action could not withstand a Rule 12(b)(6) motion to dismiss. (DE 36 at 5.)[6] Defendants argue that Plaintiff fails to plead with particularity that Thai Green Leaf is insolvent or that the business was sold without fair consideration, despite the fact that Defendants have exchanged all documents in connection with the sale of the restaurant during discovery. (*Id.*)

Plaintiff contends that the each of the following factors of actual intent are present in the Amended Complaint: (a) concealment of the transfer; (b) pre-transfer suit of the transferor; (c) transfer of substantially all of the transferor's assets; (c) removal or concealment of assets; (d) receipt of consideration not reasonably equivalent to the value of the asset transferred; and (e) insolvency of the transferor. (DE 37-1 at 4.)

A generous reading of the Amended Complaint reveals that only two of the eleven DCL § 273(b) factors seem to be present in the Amended Complaint.[7] Plaintiff has alleged, and Defendants do not deny, that Defendants were sued in this action prior to alleged transfer of Thai Green Leaf. (DE 34-1 at ¶ 40.) Additionally, while it is unclear whether these assets constitute "substantially all" of Thai Green Leaf's assets, drawing all reasonable inferences in Plaintiff's favor, Plaintiff has alleged that Greenleaf Restaurant purchased Thai Green Leaf's

---

[6] Defendants take no position as to the proposed allegation as asserted against Feng Zhu Chen and Greenleaf Restaurant. (*Id.*)

[7] Plaintiff relies on *Jian Cheng Liu v. Kueng Chan*, No. 18CV05044 (KAM) (SJB), 2020 WL 978857, at *1 (E.D.N.Y. Feb. 28, 2020) for the proposition that invoking two badges of fraud is sufficient to withstand a motion to dismiss and thus defeat any claim of futility here. (DE 37-1 at 5.) However, the circumstances of *Liu* are distinguishable. In *Liu*, plaintiff presented a transcript of a conversation between parties wherein defendant unequivocally stated that "[r]egarding this case, we have already transferred all our assets and none of them is under my name. Even if you won the case in the end, you could only win reputation.... But I have transferred all the assets to other people and Lao Da.... If I don't have anything in the United States, what are you suing me for? ... I have already transferred the assets and I have nothing left." *Id.* at *3. The Court noted that if proven true, these statements "constitute[] crystal clear evidence of fraudulent intent" and that such a "brazen admission" would render a badges of fraud inquiry unnecessary. *Id.* at 12. There is no such smoking gun allegation here.

lease, equipment and "intangible assets" for the purpose of continuing the business. (*Id.* at ¶ 41.)

The remaining nine factors are not present. Plaintiff has not alleged that the transfer was to an insider,[8] that any Defendant retained possession or control of Thai Green Leaf after the transfer, that any Defendants absconded, that the transfer occurred shortly before a substantial debt was incurred, or that any Defendants transferred the essential assets of Thai Green leaf to a lienor that transferred the assets to an insider of the debtor. (*See id.*)

As it relates to Plaintiff's claim of concealment, Plaintiff argues the sale of Thai Green Leaf was concealed from Plaintiff until discovery. (DE 37-1 at 4.) However, "[c]oncealment refers to concealment of a property interest, not a concealment of the transfer itself." *In re Carl*, 517 B.R. 53, 67 (Bankr. N.D.N.Y. 2014) (analyzing badges of fraud and a debtor's actual intent to defraud).[9] The Amended Complaint does allege any Defendant concealed a property interest.[10] (DE 34-3 at ¶¶ 40-48.)

As it relates to Plaintiff's claim that the consideration paid for Thai Green Leaf was "not reasonably equivalent to the value of the asset transferred" (DE 37-1 at 4), Plaintiff misstates this factor. Factor (8) of DCL §273(b) states, "the value of the consideration received by the debtor *was reasonably equivalent* to the value of the asset transferred or the amount of the

---

[8] *See* Tr. at 20:17-21 (COURT: How about a close relationship between the parties? SCHWEITZER: Between the buyer and seller, we did not allege that.)

[9] There is recognizable overlap between provisions of DCL and the Bankruptcy Code. *Schneider v. Barnard*, 508 B.R. 533, 541 (E.D.N.Y. 2014) (identifying analogous fraudulent conveyance provisions of the DCL and the Bankruptcy Code); *Grice v. McMurdy*, 498 F. Supp. 3d 400, 412 (W.D.N.Y. 2020) ("Claims for actual and constructive fraudulent transfers arise under both the federal bankruptcy laws and New York State Debtor and Creditor Law. . .").

[10] *See* Tr. at 22:21-25; 23:1-2 (COURT: How about any retention of control of the property by the transferor after conveyance, any indication there? SCHWEITZER: I don't believe that's in our pleading.)

obligation incurred." DCL § 273(b)(8) (emphasis added).[11] Plaintiff certainly does not allege that here. However, even considering Plaintiff's opposite proposition (*i.e.*, that the consideration paid for Thai Green Leaf was *not* reasonably equivalent to its value), Plaintiff does not allege the same with any specificity. Indeed, Plaintiff simply alleges that according to the contract of sale, Thai Green Leaf was sold for $30,000, with an additional—and unknown—portion paid to Yimei Lin. (*See* DE 34-3 at ¶¶ 42-43.) While Plaintiff argued before the Court that $30,000 was "not fair" in comparison to the restaurant's alleged profits (alleged as to meet the statutory requirement),[12] without alleging the value of the business or providing comparables or revenues, Plaintiff failed to establish that $30,000 is inadequate for the value of Thai Green Leaf. (*See* Tr. at 21:1-22:15.)

Lastly, as it relates to Plaintiff's proposed claims insolvency and failure to disclose the pendency of this lawsuit, Plaintiff fails support its allegations with the requisite specificity under Rule 9(b) insofar as Plaintiff has pled those allegations "upon information and belief." (*See* 34-3 at ¶¶ 44-45.) "[A]llegations of fraud cannot ordinarily be based 'upon information and belief.'" *Auerbach v. Amir*, No. 06 CV 4821 (RJD), 2008 WL 479361, at *7 (E.D.N.Y. Feb. 19, 2008) (quoting *Luce v. Edelstein*, 802 F.2d 49, 54 n.1 (2d Cir. 1986)). An exception lies when the facts are peculiarly within the opposing party's knowledge. *Wexner v. First Manhattan Co.*,

---

[11] To the extent Plaintiff is referencing DCL § 273(a)(2)(i)-(ii) (discussing voidable transfers where the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer) the same is a separate ground by which a creditor may void a transfer (*i.e.* constructive fraud)) and which is not pled or argued by Plaintiff here. Under those provisions, in addition to failing to receive reasonably equivalent value, the debtor also has to be engaged in, or about to engage in, a "business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction," or "intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." *See* DCL § 273(a)(2)(i)-(ii).

[12] Tr. at 22:12-15 ("COURT: I'm just asking if there's anything else, other than [the statutory] allegation, that you're relying on to demonstrate inadequacy of consideration. SCHWEITZER: No, your Honor.")

15

902 F.2d 169, 172 (2d Cir. 1990). Even so, [w]here pleading is permitted on information and belief, a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." *Id.*

Plaintiff does not adduce such specific facts here. Plaintiff alleges in a conclusory manner that Thai Green Leaf has been rendered insolvent. (DE 34-3 at ¶ 44.) As Defendants point out, Plaintiff points to no "indicia of insolvency" and rather both the corporate defendant and the individual defendants are still appearing and "vigorously defending" this matter. (DE 36 at 6.) Further, Plaintiff alleges that Thai Green Leaf promised, in the contract of sale, to furnish to Greenleaf Restaurant a list of creditors, but "upon information and belief," Thai Green Leaf failed to do so. Without more, the proposed allegations cannot be said to withstand the heightened pleading standard of Rule 9(b).

Plaintiff has not plead actual fraudulent conveyance to the heightened standard of Rule 9(b) so as to withstand a motion to dismiss. In light of the foregoing, the undersigned respectfully recommends that the branch of Plaintiff's motion which seeks to assert a claim for fraudulent transfer under the DCL be denied.

### ii. Successor Liability as to Greenleaf Restaurant and Feng Zhu Chen

"Although a company is not typically liable for the actions of its predecessor, Courts in this Circuit 'have employed two tests to determine if liability should be imposed on a successor....'" *Zhang v. Wen Mei, Inc.*, No. 14-CV-1647 (JS)(SIL), 2016 WL 7391997, at *5 (E.D.N.Y. Dec. 21, 2016) (quoting *Chen v. DG&S NY, Inc.*, No. 14CV03435, 2016 WL 5678543, at *4 (E.D.N.Y. Sept. 29, 2016). Under the first test, often referred to as the "Traditional Test," a successor corporation can be found liable if one of the following exists: "(1) [the successor] expressly or impliedly assumed the predecessor's tort liability, (2) there was

16

a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *Cano v. Sushi Chain, Inc.*, No. 19 CV 3509 (DG) (LB), 2021 WL 8316279, at *4 (E.D.N.Y. Nov. 22, 2021) (quotes omitted). "The Second Circuit has stated that the second and third exceptions (the 'de facto merger' and 'mere continuation' exceptions) are 'so similar that they may be considered a single exception.' *Id.* (citing *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 n.3 (2d Cir. 2003)). What is important is the continuity of ownership. *Id.*

The second test, known as the "Substantial Continuity Test" is broader than the above, and turns on whether the alleged successor has "acquired substantial assets of its predecessor and continued, without interruption or substantial change, the predecessor's business operations." *Id.* (quoting *Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 405 (S.D.N.Y. 2012)).

"The Second Circuit has not yet decided which test should be applied in this context, but the 'weight of the authority in [the Second] Circuit supports applying the substantial continuity test.' *Cano v. Sushi Chain, Inc.*, No. 19 CV 3509 (DG) (LB), 2021 WL 8316279, at *3 (E.D.N.Y. Nov. 22, 2021) (quoting *Rotthoff v. New York State Catholic Health Plan*, 19-CV-4027 (AMD)(CLP), 2020 WL 5763862 at *7 (E.D.N.Y. Sept. 28, 2020) (collecting cases)). The Court finds no reason to deviate from the path of the Circuit here.

As stated earlier, while it is unclear to the Court whether the assets sold to Greenleaf Restaurant constitute "substantially all" of Thai Green Leaf's assets, drawing all reasonable inferences in Plaintiff's favor, Plaintiff has alleged that Greenleaf Restaurant purchased Thai Green Leaf's lease, equipment and "intangible assets" for the purpose of continuing the

17

business. (*Id.* at ¶ 41.) Further, Plaintiff alleges Greenleaf Restaurant and Feng Zhu Chen as its sole owner and officer, purchased these assets for the purpose of continuing Thai Green Leaf's business with no substantial pause and without substantial changes to the menu or employees. (*Id.* at ¶¶ 41, 48.) Defendants do not oppose.

At this stage of the litigation, these allegations are sufficient to establish successor liability under the substantial continuity test as they support the conclusion that Green Leaf Restaurant and Feng Zhu Chen, continued the business Thai Green Leaf. *See Zhang v. Wen Mei, Inc.*, No. 14-CV-1647 (JS)(SIL), 2016 WL 7391997, at *5 (E.D.N.Y. Dec. 21, 2016) (finding successor liability where alleged successors continued the business of defendants, including utilizing the same workers, and acquired the equipment and assets of defendants).

Therefore, the undersigned respectfully recommends that the branch of Plaintiff's motion which seeks to assert the already stated FLSA and NYLL claims as against Greenleaf Restaurant and Feng Zhu Chen be granted.

### D.  Removal of Irrelevant Causes of Action

The Amended Complaint depicts that Plaintiff seeks to withdraw its NYLL claims for Failure to Provide Meal Periods (Count V) and Failure to Keep Records (Count VI) made on behalf of Plaintiff and the Rule 23 Class. Defendants offer no opposition. Therefore, the undersigned respectfully recommends that the branch of Plaintiff's motion which seeks to remove the aforementioned claims be granted.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the branches of Plaintiff's motion which seek to add opt-in plaintiff Xiaoyan Zhang, to remove Defendants Thai Green Leaf Inc. and Xiurong Zhang, to assert FLSA and NYLL claims Greenleaf Restaurant

Inc. and Feng Zhu Chen as successor defendants; and to remove any irrelevant causes of action and be GRANTED, and the branch of Plaintiff's motion which seeks to assert a fraudulent transfer claim as against all Defendants be DENIED.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for Plaintiff.  Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant via first-class mail and via email and promptly file proof of service on ECF.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals.  *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
          December 13, 2022

RESPECTFULLY RECOMMENDED,

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge
