UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

DONG HUI CHEN, XIAOYAN ZHONG, *and all other persons similarly situated*,

                       Plaintiffs,

v.

THAI GREENLEAF RESTAURANT CORP., *d/b/a Thai Green Leaf*, XIAOGUANG LIN, *a/k/a Xiao Guang Lin*, XIAOKAI LIN, *a/k/a Xiao Kai Lin*, HENGKENG LIN, *a/k/a Heng Keng Lin, a/k/a Kenny Lin*, YIMEI LIN, *a/k/a Yi Mei Lin*, WEN CHEN, *a/k/a Chen Wen*, *and* DAN WEN,

                       Defendants.

**MEMORANDUM & ORDER**
21-CV-1382 (MKB) (JMW)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Dong Hui Chen[1] commenced the above-captioned putative class action on March 16, 2021 against Thai Greenleaf Restaurant Corp., doing business as Thai Green Leaf; Thai Green Leaf Inc., doing business as Thai Green Leaf; Xiaoguang Lin, also known as Xiao Guang Lin; Xiaokai Lin, also known as Xiao Kai Lin; Hengkeng Lin, also known as Heng Keng Lin and Kenny Lin; Yimei Lin, also known as Yi Mei Lin; Wen Chen, also known as Chen Wen; Dan Wen; and Xiurong Zhang, also known as Xiu Rong Zhang.[2] (Compl., Docket Entry No. 1.)

---

[1] On May 13, 2022, Plaintiff moved to amend the Complaint in order to, *inter alia*, add Xiaoyan Zhong as a plaintiff. (*See* Pl.'s Mot. to Amend/Correct/Supplement the Compl., Docket Entry No. 34.) On March 6, 2023, the Court granted Plaintiff's motion. (*See* Order adopting R&R, Docket Entry No. 66.)

[2] On March 23, 2022, Plaintiff dismissed claims against Thai Green Leaf Inc., d/b/a Thai Green Leaf, and Xiurong Zhang, also known as Xiu Rong Zhang, who were subsequently terminated from the case. (*See* Notice of Voluntary Dismissal, Docket Entry No. 32.)

Plaintiff alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the New York Labor Law, §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), arising from his 2020 employment at Thai Green Leaf Restaurant. (*See generally id.*)

On April 22, 2022, Defendants filed a motion for sanctions and costs against Plaintiff and Plaintiff's counsel, Aaron Schweitzer, Esq. ("Schweitzer" or "Plaintiff's Counsel"), pursuant to 28 U.S.C. § 1927 and the Court's inherent powers, (Def.'s Mot. for Sanctions ("Def.'s Mot."), Docket Entry No. 33), and Plaintiff opposed the motion, (Pl.'s Resp. to Mot. for Sanctions ("Pl.'s Resp."), Docket Entry No. 33-4). On August 8, 2022, the Court referred Defendants' motion to Magistrate Judge James M. Wicks for a report and recommendation. (Order dated Aug. 8, 2022.) By report and recommendation dated December 22, 2022, Judge Wicks recommended that the Court grant Defendants' motion for sanctions against Plaintiff's counsel (the "R&R"). (R&R 14, Docket Entry No. 50.) On January 5, 2023, Plaintiff timely filed an objection to the R&R. (Pl.'s Obj. to R&R ("Pl.'s Obj."), Docket Entry No. 59.)

For the reasons set forth below, the Court adopts the R&R in its entirety and grants in part Defendants' motion for sanctions.

**I. Background**

The Court assumes the familiarity with the facts set forth in the R&R and provides only a summary of the relevant procedural history and pertinent facts.

**i. The evidentiary hearing**

On March 16, 2021, Plaintiff filed a putative class action against Defendants, alleging labor violations under federal and state law. (*See* Compl.) On August 5, 2021, Judge Wicks held an initial conference with the parties, during which counsel for Defendants informed Judge Wicks that he had been advised by Defendants that Plaintiff never worked for their restaurant.

2

(R&R 3; *see also* Minute Entry dated Aug. 5, 2021, Docket Entry No. 22.) Judge Wicks directed Plaintiff to produce documentation, evidence, or other proof to Defendants supporting his allegations that he worked at the Defendants' restaurant. (*Id.*)

On September 8, 2021, Judge Wicks held a status conference to determine whether the issue regarding Plaintiff's employment with Defendants had been resolved. (R&R 3; *see also* Minute Entry dated Sept. 8, 2021, Docket Entry No. 24.) The parties informed Judge Wicks that the issue was still unresolved, and Judge Wicks directed the parties to undertake further limited discovery, including document disclosures and depositions. *Id.* When this failed to resolve the issue, Judge Wicks proposed a limited evidentiary hearing. (R&R 3–4.)

Judge Wicks held an evidentiary hearing on January 11, 2022[3] ("January 11 Hearing"). (Tr. of Civil Cause for Evidentiary Hearing ("January 11 Hearing Tr."), Docket Entry No. 33-1.) At the hearing, he heard the parties' arguments, entered exhibits into evidence, and heard testimony from Plaintiff's witnesses. (*See generally id.*) The first day of the hearing was primarily consumed with direct examination of Plaintiff, and Judge Wicks scheduled a continued hearing which was held on March 7, 2022 ("March 7 Hearing"). (R&R 4; Tr. of Continued Hearing ("March 7 Hearing Tr."), Docket Entry No. 33-2.) However, at the March 7 Hearing, Plaintiff's counsel withdrew his consent to proceed with the hearing and Judge Wicks terminated the hearing. (March 7 Hearing Tr. 123:20–23.) The Court notified the parties that it would consider an application for costs by Defendants. (*Id*. at 123:24–25.)

---

[3] There appears to be some confusion about whether the hearing took place on January 11, 2022 or January 13, 2022. The R&R indicates that the hearing was held on January 13, 2022. (*See* R&R 4 n.1 (noting that there "are some references to this hearing occurring on 'January 11' not 'January 13'" but that "according to the Court's docket and minute entry, the hearing took place on January 13, 2021"). However, the parties and the transcript indicate that the hearing took place on January 11, 2022. (*See* January 11 Hearing Tr. 1.) The Court adopts the date indicated on the transcript and refers to the "January 11 Hearing" throughout.

3

On April 22, 2022, Defendants filed a fully briefed motion for sanctions and costs against Plaintiff and Plaintiff's counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent powers, (*see* Defs.' Mot.), and Plaintiff opposed the motion, (*see* Pl.'s Resp.). On August 8, 2022, the Court referred Defendants' motion to Judge Wicks, (Order dated Aug. 8, 2022), and on December 22, 2022, Judge Wicks recommended that the Court grant Defendants' motion, (R&R).

  **ii. R&R**

In the R&R, Judge Wicks first noted that "the Court was well within its authority to hold a limited evidentiary hearing to determine the threshold issue of whether Plaintiff was employed by Defendants." (R&R 9.) Judge Wicks then addressed the multiple times Plaintiff's counsel either agreed to or failed to object to the evidentiary hearing. (*Id.* at 9–10.) Judge Wicks noted, *inter alia*, that "[a]t the November 22, 2021 conference [Plaintiff's counsel] was asked if he agreed that a limited issue hearing has to take place to resolve the issue of whether Plaintiff worked for the [D]efendants, to which he responded that the issue could be 'resolved on briefing' but he nonetheless agreed that whether the issue be sorted by briefing or through a hearing was up to the Court" and "stated no objection to either option." (*Id.* at 9.) Judge Wicks further noted that during a telephone conference on November 24, 2021, Plaintiff's counsel "did not voice any hesitation about proceeding with an evidentiary hearing and instead went forward with scheduling the hearing." (*Id.*) Judge Wicks also noted that Plaintiff's counsel submitted exhibit and witness lists without voicing any objection and appeared for the hearing on January 11, 2022 "with witnesses, evidentiary exhibits, and a translator, ready to proceed." (*Id.* at 10.) Judge Wicks noted that before the hearing began, Plaintiff's counsel "again explicitly agreed that the purpose of the hearing was [to] determine whether Plaintiff worked for the Defendants and that

4

at the conclusion of the hearing the parties [would] submit proposed findings and [Judge Wicks] would make a report and recommendation to Chief Judge Brodie on the findings." (*Id.*) He further noted that only two months later, at the March 7 Hearing, did Plaintiff's counsel raise his objection to the hearing. (*Id.*) He also noted that when he questioned Plaintiff's counsel on what Plaintiff's counsel had believed the purpose of the hearing was, Plaintiff's counsel stated that he "thought we would be making a record of the evidence showing the [P]laintiff worked at the [D]efendant[s'] restaurants" and that "then Judge Brody [sic] would make a decision." (*Id.*; *see also* March 7 Hearing Tr. 118:12–25; 119:1.) Judge Wicks asked Plaintiff's counsel if he had "agreed that we would conduct the hearing for purposes of determining a threshold issue of whether or not your clients worked for Defendant." (R&R 10; March 7 Hearing Tr. at 119:2–5.) Plaintiff's counsel replied "[t]hat was what — that was my impression at the time, Your Honor," (R&R 10; March 7 Hearing Tr. at 119:6–7), and added that he did not believe that the proper steps were taken for Judge Wicks to hold an evidentiary hearing because for Plaintiff's counsel to give consent to the hearing "on the record [was] not sufficient," (R&R 10; March 7 Hearing Tr. at 119:9–11.)

Judge Wicks concluded that he was "unable to glean from the record any plausible legal reason or intention of serving his client behind [Plaintiff's counsel's] actions" and that it "appears that he pursued these actions with no other purpose than to attempt to vexatiously multiply the proceedings." (R&R 11.) Accordingly, Judge Wicks recommended that the Court impose sanctions on Plaintiff's counsel pursuant to its inherent powers.[4] (*Id.* at 11, 14.)

---

[4] Judge Wicks declined to recommend that the Court impose sanctions on Plaintiff. He concluded that, "to the extent Defendants seek sanctions against Plaintiff, Defendants do not identify, nor does the record reflect, any misconduct by Plaintiff" and accordingly recommended that "any award of sanctions here should be directed solely at [Plaintiff's counsel]." (R&R 11.)

5

Judge Wicks recommended that the Court impose sanctions in the amount of $9,941.32, which amount represents the costs Defendants incurred in "preparing for and carrying out the two days of evidentiary hearings." (*Id.* at 12, 14.) He recommended that the Court impose a sanction for: (1) 18.6 hours billed at the rate of $450 an hour by the principal attorney,[5] Michael B. Mirotznik, for preparation for the hearings including meeting with his client, scheduling conferences with Judge Wicks, review of the case file, exhibits, and transcript for the second day of the hearing, and (2) costs for purchasing the hearing transcripts and for use of an interpreter. (R&R 13.) Judge Wicks found that "Mr. Mirotznik's billing rates [were] reasonable and well within the rates approved within this District" and that "costs expended in connection with purchasing the hearing transcripts and use of the translator were incidental and necessary to represent Defendants in connection with the evidentiary hearing." (*Id.* at 13–14.) Plaintiff's counsel did not contest the sum. (*Id.*)

### iii. Plaintiff's counsel's objections

Plaintiff's counsel objects to the R&R, arguing that the Court should reject Judge Wicks' recommendation because he did not act in bad faith. (Pl.'s Obj. 1–4.) Counsel contends that (1) he "never requested for an evidentiary hearing"; (2) he "objected to the multiple proposals to schedule the evidentiary hearing in this matter"; and (3) "the parties were not asked if they consented to hearing or not" but "were told that after conferring with Judge Brodie's Chambers it is decided that the parties would need to do an Evidentiary Hearing" and so he "simply went along with it with what he was told to do" and withdrew his consent to the hearing at the earliest

---

[5] Defendants' counsel submitted his CV and contemporaneous billing records reflecting his billing rates, a description of the services provided, and hours worked in support of Defendants' motion. (*See* Curriculum Vitae of Michael Mirotznik and Applicable Time Sheets, annexed to Defs.' Mot. as Ex. 3, Docket Entry No. 33-3.)

6

moment he realized he was entitled to do so. (*Id.* at 1.) Plaintiff's counsel also argues that an award of attorney fees is inappropriate since "Defendants['] Counsel was the one who . . . clearly multiplied the proceedings even after the Plaintiffs had already participated in the limited discovery which gave enough evidence to prove that Plaintiffs were the employees of Defendants." (*Id.* at 4.) Plaintiff therefore requests leave to file a motion for sanctions against Defendants and their counsel. (*Id.* at 5.)

### iv. Defendants' reply

In reply, Defendants argue that Plaintiff's counsel "clearly agreed to a determinative hearing regarding the threshold issue of employment." (Defs.' Reply 1.) They further argue that sanctions against Defendants are inappropriate since "Defendants agreed to the hearings for the purposes of minimizing the proceedings," and since they deny that Plaintiff was their employee, the hearing was intended to "efficiently proceed towards a resolution of the matter." (*Id.* at 2.)

## II. Discussion

### a. Standards of review

#### i. R&R

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, No. 15-CR-992, 2022 WL 402394, at *3 (2d Cir. Feb. 10. 2022) (citing *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the

record. *See S.J. v. N.Y.C. Dep't of Educ.*, No. 21-CV-240, 2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (noting that district court applied the correct legal standard in conducting *de novo* review of portions of magistrate judge's report to which specific objections were made and reviewing portions not objected to for clear error). The clear error standard also applies when a party makes only conclusory or general objections. Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (noting that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court").

    ii.   **Sanctions**

A court has the inherent power to sanction a party "for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) ("[A court's] authority to impose sanctions is grounded, first and foremost, in [its] inherent power to control the proceedings that take place before [it]."); *Ceglia v. Zuckerberg*, 600 F. App'x 34, 36 (2d Cir. 2015) ("A court has 'inherent power' to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" (quoting *Chambers*, 501 U.S. at 44–45)). "Sanctionable conduct must be proven by clear and convincing evidence and the district court must make a specific finding of bad faith." *Amerisource Corp. v. RX USA Int'l Inc.*, No. 02-CV-2514, 2010 WL 2730748, at *5 (E.D.N.Y. July 6, 2010) (citing *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998)), *aff'd* 432 F. App'x 25 (2d Cir.

8

2011); *see also Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) ("[C]lear and convincing evidence of bad faith is a prerequisite to an award of sanctions under the court's inherent power."). "Moreover, inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 56 (2d Cir. 2018) (quoting *Wolters Kluwer Fin. Servs. Inc.*, 564 F.3d at 114) (same). "Clear and convincing evidence is evidence that makes the fact to be proved 'highly probable.'" *RKI Constr., LLC v. WDF Inc.*, No. 14-CV-1803, 2020 WL 6545915, at *21 (E.D.N.Y. Nov. 6, 2020) (quoting *Abernathy-Thomas Eng'g Co. v. Pall Corp.*, 103 F. Supp. 2d 582, 595–96 (E.D.N.Y. 2000)). However, a court need only "make an explicit finding of bad faith" for actions "taken on behalf of a client." *United States v. Seltzer*, 227 F.3d 36, 41–42 (2d Cir. 2000) (noting a circuit split and clarifying "the circumstances under which a district court has the power to sanction pursuant to its inherent authority without a finding of bad faith"). A court need not make a finding of bad faith when an attorney "violat[es] . . . a court order or [engages] in other misconduct that is not undertaken for the client's benefit." *Id.* *See also Rosellini v. U.S. Bankr. Ct. (In re Sanchez)*, 790 F. App'x 293, 295 (2d Cir. 2019) (upholding a bankruptcy court's imposition of sanctions on a pro se attorney for failure to prosecute and failure to appear at hearings; concluding that the attorney was "incorrect that any bad faith finding is a necessary predicate to a sanctions order"); *Wilder v. GL Bus Lines*, 258 F.3d 126, 130 (2d Cir. 2001) (noting that a court may exercise its inherent authority to sanction an attorney who "has negligently or recklessly failed to perform his responsibilities as an officer of the court"); *Lee v. City of Troy*, 559 F. Supp. 3d 73, 83 (N.D.N.Y. 2021) (sanctioning an attorney for making an inappropriate comment to his adversary after he

9

received an unfavorable jury verdict since the attorney's behavior belonged to the category that did "not require a finding of bad faith on the attorney's part" and was "not undertaken for the client's benefit" (citing *Seltzer*, 227 F.3d at 42)).

      **b.   Defendants' motion for sanctions**

The Court adopts the R&R and imposes sanctions on Plaintiff's counsel pursuant to its inherent power. As discussed in the R&R, Plaintiff's counsel agreed to the hearing. On January 11, 2022, Judge Wicks addressed Plaintiff's counsel as follows: "So the purpose of the hearing is to determine whether [Plaintiff] worked for the [D]efendants, correct, Mr. Schweitzer?" (January 11 Hearing Tr. 4:8–10.) To which Plaintiff's counsel replied, "Yes, your Honor." (*Id.* at 4:11.) In addition, Plaintiff's counsel failed to raise an objection to the hearing, despite having ample opportunity to do so. First, at the November 22, 2021 conference, Judge Wicks asked Plaintiff's counsel if he agreed that a limited issue hearing had to take place to resolve the question of whether Plaintiff worked for Defendants, to which Plaintiff's counsel responded that the issue could instead be "resolved on briefing," but that he had no objection to either option. (R&R 9.) Second, during a telephone conference on November 24, 2021, Plaintiff's counsel did not voice any hesitation about proceeding with an evidentiary hearing and instead went forward with scheduling the hearing. (*Id.*) Third, Plaintiff's counsel submitted exhibit and witness lists without voicing any objection and appeared for the hearing on January 11, 2022 with witnesses, evidentiary exhibits, and a translator. (*Id.* at 10.) Notably, Plaintiff's counsel has not provided any reason, either in his opposition to Defendants' motion or in his objection to the R&R, for the withdrawal of his consent to the hearing. Plaintiff's counsel states that Defendants "were well aware of the fact that the Plaintiffs intended to proceed with the discovery and to file their motion for conditional collective certification in this matter," (Pl.'s Resp. 3), and that Defendants

10

and the court "were notified about the Workers Compensation Hearing that was held relating to this matter," (*id.* at 4). However, neither of these statements explains why Plaintiff's counsel withdrew from the March 7 Hearing, and he proffers no explanation for how the withdrawal benefitted his client. The Court therefore cannot conclude that Plaintiff's counsel's withdrawal from the hearing was "undertaken for the client's benefit." *Seltzer*, 227 F.3d at 42. Moreover, because of Plaintiff's counsel's long delay in objecting to the hearing, Defendants and Judge Wicks needlessly prepared for and participated in the January 11 Hearing, and needlessly prepared for the March 7 Hearing — a significant cost to Defendants and a waste of judicial resources. Plaintiff's counsel thus vexatiously multiplied the proceedings and is accordingly subject to sanction for "abus[ing] the judicial process." *Chambers*, 501 U.S. at 44–45.

    The Court is not persuaded by Plaintiff's counsel argument that he should not be sanctioned due to a lack of "bad faith." The Second Circuit has made clear that a court need not make a finding of bad faith when an attorney "violat[es] a court order or [engages] in other misconduct that is not undertaken for the client's benefit." *Seltzer*, 227 F.3d at 41. As discussed above, there is no indication that Plaintiff's counsel's withdrawal was taken for his client's benefit, and thus the Court is not required to make a finding of bad faith. The Court is also not persuaded by counsel's argument that he "objected to the multiple proposals to schedule the evidentiary hearing in this matter." (Pl.'s Obj. 1.) The record demonstrates that Plaintiff's counsel consented to the Hearing on multiple occasions. Indeed, at the March 7 Hearing, when Judge Wicks asked Plaintiff's counsel if he had previously "agreed that we would conduct the hearing for purposes of determining a threshold issue of whether or not your clients worked for Defendant[s]," Plaintiff's counsel replied "[t]hat was what — that was my impression at the time, Your Honor," and later apologized saying, "I was mistaken myself. I just checked this

11

over." (R&R 10.) Accordingly, the Court concludes that Plaintiff's counsel did not "object[] to the multiple proposals" to schedule the hearing, (Pl.'s Obj. 1), and in fact did not raise any objection to the hearing until March 7. The Court is also not persuaded by Plaintiff's counsel's argument that "the parties were not asked if they consented to [a] hearing or not." (Pl.'s Obj. 1.) The record demonstrated that Judge Wicks explicitly asked Plaintiff's counsel if he agreed to hold an evidentiary hearing on the issue of whether Plaintiff worked for Defendants and Plaintiff's counsel replied, "Yes, your Honor." (January 11 Hearing Tr. 4:8–10.) While it is true that Plaintiff's counsel "never requested . . . an evidentiary hearing," (Pl.'s Obj. 1), Plaintiff's counsel's failure to object nevertheless wasted judicial resources, as well as those of Defendants, and thus "abused the judicial process." *Chambers*, 501 U.S. at 44–45.

Accordingly, the Court adopts the R&R and imposes sanctions on Plaintiff's Counsel. Plaintiff's Counsel has not objected to the sum of $9,941.32 recommended by Judge Wicks, and having reviewed Judge Wicks' reasoning and the exhibits Defendants' counsel submitted in support of their motion, the Court finds this sum reasonable. Accordingly, the Court imposes a sanction of $9,941.32 on Plaintiff's counsel to compensate Defendants for costs incurred in preparing for the evidentiary hearing.

   c. **Plaintiff's request to file a motion for sanctions**

In his objection to the R&R, Plaintiff's counsel requests that the Court permit him to file a motion for sanctions against Defendants on the grounds that they are "unnecessarily delaying this action despite sufficient evidence to show that Defendants were the employers of Plaintiffs." (Pl.'s Obj. 5.) Given that Judge Wicks has already indicated that the parties should resolve this issue through an evidentiary hearing, and that Plaintiff's counsel withdrew from that hearing without providing a reason, as described above, Plaintiff has not presented a basis for arguing

12

that Defendants engaged in sanctionable conduct. Accordingly, Plaintiff's request to file a motion for sanctions against Defendants is denied without prejudice.

### III. Conclusion

For the foregoing reasons, the Court adopts the R&R, grants Defendants' motion in part, and imposes sanctions on Plaintiff's counsel in the amount of $9,941.32.

Dated: March 31, 2023
      Brooklyn, New York

SO ORDERED:

         s/ MKB
MARGO K. BRODIE
United States District Judge