**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
DONG HUI CHEN, *on his own behalf and on behalf*
*of other similarly situated*, and XIAOYAN ZHONG

**MEMORANDUM**
**AND ORDER**

                              Plaintiffs,              21-CV-01382 (MKB)(JMW)

              -against-

THAI GREENLEAF RESTAURANT CORP, *d/b/a*
*Thai Green Leaf*; XIAOGUANG LIN, *a/k/a Xiao*
*Guang Lin*; XIAOKAI LIN, *a/k/a Xiao Kai Lin*;
HENGKENG LIN, *a/k/a Heng Keng Lin, a/k/a Kenny*
*Lin*; YIMEI LIN, *a/k/a Yi Mei Lin*; WEN CHEN
*a/k/a Chen Wen*; DAN WEN, GREENLEAF
RESTAURANT, INC., and FENG ZHU CHEN

                              Defendants.
-----------------------------------------------------------------------X

**A P P E A R A N C E S :**

  **Aaron Schweitzer, Esq.**
  **Troy Law, PLLC**
  41-25 Kissena Boulevard, Suite 110
  Flushing, NY 11355
  *Attorneys for Plaintiffs*

  **John P. Stebe, Esq.**
  Suite 1507, Brooklyn, NY 11242
  *Attorney for Defendants Thai Greenleaf Restaurant Corp.*
  *and Yimei Lin a/k/a/ Yi Mei Lin*

  **Ripal J. Gajjar, Esq.**
  420 Lexington Avenue, Suite 1402
  New York, NY 10170
  *Attorney for Defendants Greenleaf Restaurant, Inc.,*
  *and Feng Zhu Chen*

1

**WICKS,** Magistrate Judge:

Plaintiffs Dong Hui Chen and Xiaoyan Zhong commenced this action on March 16, 2021 against several Defendants[1] alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL"), § 650 *et seq*., and 12 N.Y.C.R.R. § 146. (*See generally* ECF No. 51.)  Specifically, Plaintiffs allege that Defendants failed to pay their employees minimum and overtime wages and spread of hours under the FLSA and NYLL. (*Id.* at p. 2.) They further allege they are entitled to damages related to Defendants' failure to provide wage notices at the time of hire and wage statements throughout their employment. (*Id.* at pp. 2-3.)

Before the Court is Plaintiffs' two-pronged motion for discovery sanctions, *first*, against Thai Greenleaf Restaurant and Yimei Lin (hereinafter "Thai Greenleaf Defendants") for failure to produce a collective list containing collective members' contact information, and *second,* against Greenleaf Restaurant, Inc. and Feng Zhu Chen (hereinafter "Greenleaf Defendants") for their failure to produce documents previously ordered by the Court. (ECF No. 98.) For the reasons stated below, Plaintiffs' motion (ECF No. 98) is **GRANTED in part** and **DENIED in part.**

## FACTUAL BACKGROUND

Plaintiff Dong Hui Chen was employed as a fry wok chef at Defendants' restaurant from April 5, 2020 through December 27, 2020. (ECF No. 51 at ¶ 8.) Plaintiff Xiaoyan Zhong was employed as an oil wok chef from December 22, 2020 through December 28, 2020. (*Id.* at ¶ 9.) Individual Defendants Xiaoguang Lin, Xiaokai Lin, Hengkeng Lin, Yimei Lin, Wen Chen, and

---

[1] Defendants include Thai Greenleaf Restaurant Corp., Xiaoguang Lin, Xiaokai Lin, Hengkeng Lin, Yimei Lin, Wen Chen, Dan Wen, Greenleaf Restaurant, Inc., and Feng Zhu Chen.

Dan Wen are all alleged to have taken part in Plaintiffs' hiring and termination and the scheduling and payments. (*Id.* at ¶¶ 13, 15, 17-18, 22, 24, 26-27, 30, 35, 37.) Plaintiffs contend that Defendants failed to pay Plaintiffs their regular and overtime wages for hours worked over 40 in each work week. (*Id.* at ¶ 51.) They state that Defendants failed to maintain accurate records of Plaintiffs' wages and did not provide them with a Time of Hire Notice which would have informed them of their respective pay rates and paydays. (*Id.* at ¶ 55.) Further, Defendants failed to pay Plaintiffs their required "spread of hours" premium pay for each day Plaintiffs worked over ten hours. (*Id.* at ¶ 56.)

## **PROCEDURAL BACKGROUND**[2]

On August 9, 2024, the undersigned granted conditional certification of this case as a collective action. (*See* ECF No. 90.) This Order required, *inter alia*, that Defendants furnish lists of their nonexempt employees employed on and after March 16, 2018, together with contact and other pertinent information, by August 23, 2024. (*See id.* at pp. 9, 26.) According to Plaintiffs, as of August 30, 2024:

> Thai Greenleaf Restaurant Corp. nor Greenleaf Restaurant, Inc. served an Excel spreadsheet containing the required information. On August 22, 2024, Greenleaf Restaurant, Inc. served Plaintiff a copy of its Form NYS-45 for Quarter 2 of 2024. However, Form NYS-45 contains no contact information, and any information it did contain that could be used to search employees' contact information (to wit, Social Security numbers) was redacted. Greenleaf Restaurant, Inc. Thai Greenleaf Restaurant Corp. has served Plaintiff nothing. Due to this, Plaintiff has been unable to disseminate collective notices.

(ECF No. 91 at p. 1.)

---

[2] The undersigned refers to what has transpired on the docket and what is included in the parties' submissions relating to the present motion, including email correspondence, deposition transcripts, and representations among the parties.

In light of these circumstances, the parties appeared for a Status Conference on September 20, 2024 where they were directed that "[a]ll remaining documents shall be produced on or before October 24, 2024. Defendant Feng Zhu Chen's deposition shall take place virtually on or before November 15, 2024" and the "end date of the opt-in period shall be January 24, 2025." (ECF No. 94.) Defendants were forewarned that if "Defendants fail to comply with document production and/or production of the witness to be deposed, Plaintiffs may renew their motion for sanctions against Defendants."[3] (*Id.*)

The parties did not meet the October 24, 2024 deadline. (ECF No. 99, Troy Decl. ¶ 5.) On October 29, 2024, counsel for Plaintiffs emailed counsel for Thai Greenleaf Defendants, Mr. Stebe, and counsel for Greenleaf Defendants, Mr. Gajjar, requesting a meet and confer to discuss this outstanding discovery. (*Id.* at ¶ 6; *see* ECF No. 99-1 at p. 7.) Though Mr. Stebe did not respond, Mr. Gajjar responded and agreed to meet with Plaintiffs' counsel on October 31, 2024 where "both sides agreed that the Greenleaf Defendants would supplement their collective list on or before November 5, 2024 and that Feng Zhu Chen would sit for deposition on November 20, 2024 at 10:00 AM." (ECF No. 99, Troy Decl. ¶¶ 7-8; *see also* ECF No. 99-1 at pp. 5-7.)

The Greenleaf Defendants sent a supplemental collective list on November 11, 2024 identifying ten collective members by name and address, but did not include their phone numbers, email addresses, or dates of employment. (ECF No. 99, Troy Decl. ¶ 9; *see* ECF No. 99-1 at pp. 4-5; *see also* ECF No. 99-2.) Plaintiffs subsequently mailed notices of pendency and consent to join forms to these ten collective members and received no responses on or before January 24, 2025. (ECF No. 99, Troy Decl. ¶¶ 11, 13; ECF No. 94.) Moreover, Feng sat for his

---

[3] The Court previously denied Plaintiffs' motion for sanctions without prejudice and with leave to renew if Defendants failed to comply with Plaintiffs' discovery requests. (Electronic Order dated 7/1/2024.)

deposition on November 20, 2024, during which counsel for Plaintiffs made numerous document requests in an effort to establish that the Greenleaf Defendants are successors in interest of Thai Greenleaf Defendants. (*Id.* at ¶ 14.) Apart from making the requests in the deposition, follow up requests were made thereafter as summarized below:

a. documents sufficient to show all shareholders and share transfers of Greenleaf Restaurant Inc. between November 2021 and the present [*i.e.,* through November 20, 2024];

b. documents sufficient to identify the initial board of directors of Greenleaf Restaurant Inc. and any changes thereto between November 2021 and [November 20, 2024];

c. documents sufficient to identify the initial officers of Greenleaf Restaurant Inc. and any changes thereto between November 2021 and [November 20, 2024];

d. W-2s, 1099s, and/or any other tax documents sufficient to identify Fengzhu Chen's employers from 2015 through 2023;

e. documents sufficient to identify Fengzhu Chen's accountant by name and address;

f. documents sufficient to identify Greenleaf Restaurant Inc.'s accountant by name and address;

g. any emails between Fengzhu Chen on the one hand, and the email accounts " Junechai@yahoo.com," and/or "CPLUSA5609@yahoo.com" on the other;

h. All check images from the TD Bank account ending …2954 from November 2021 through [November 20, 2024] (including but not limited to images of checks signed by Yimei Lin);

i. Monthly statements from the TD Bank account ending …2954 from November 2021 through [November 20, 2024]; Greenleaf Restaurant Inc.'s state and federal tax returns for 2021 through 2023, including but not limited to IRS Form 1120s, 940s, 941s, W-2s, and 1099s, and New York State Form CT-3s and NYS-45s;

j. A copy of the current lease of the premises of 1969 Jericho Turnpike, East Northport, NY 11731;

k. A copy of and/or receipt for the $2,000.00 security deposit payment check for the above premises; and

l. A copy of the 24th installment check for the purchase of the business at the above premises.

(ECF No. 99, Troy Decl. at pp. 4-5.)

These demands were also requested in Feng's prior depositions on May 2 and May 10, 2024. (*See* ECF No. 99-5; ECF No. 99-7.) On December 9, 2024, counsel for Plaintiffs and Mr. Gajjar agreed that the Greenleaf Defendants would produce those requested documents from Feng's deposition and an updated, more detailed, collective list inclusive of employment information, positions and contact information by December 16, 2024. (ECF No. 99, Troy Decl. ¶ 15; *see also* ECF No. 99-1 at pp. 1-2.)

Despite not responding to Plaintiffs' meet and confer requests until December 3, 2024, Mr. Stebe met with counsel for Plaintiffs on December 9, 2024. (ECF No. 99, Troy Decl. ¶¶ 17-18; *see* ECF No. 99-1 at p. 4.) Counsel for Plaintiffs advised Mr. Stebe that the W-2s that the Thai Greenleaf Defendants produced were deficient because they lacked the employees' contact information and thus prevented Plaintiffs from facilitating notice. (ECF No. 99, Troy Decl. ¶ 19; *see* ECF No. 99-1 at p. 1.) Mr. Stebe, on December 10 and December 13, 2024 reported that the Thai Greenleaf Defendants did not have additional information and what they produced is what they possessed. (ECF No. 99, Troy Decl. ¶¶ 21-22.) Consequently, Plaintiffs contend they have been unable to send notice to collective members employed by the Thai Greenleaf Defendants. (*Id.* at ¶ 23.)

Nearly five months after the September 20, 2024 conference, and following Plaintiffs' indication that they intended on renewing their motion for sanctions against the Thai Greenleaf Defendants and Greenleaf Defendants (*see* ECF No. 95), the undersigned directed the parties and

their respective clients[4] to appear for a Status Conference to discuss Plaintiffs' anticipated motion. (*See* Electronic Order dated 2/14/2025.) At this conference, the Court ordered the following:

> Counsel for Defendants Thai Greenleaf Restaurant Corp. and Yimei Lin, is directed to furnish the requested documents to Plaintiffs' Counsel or serve a *Jackson* Affidavit to Counsel for Plaintiffs on or before **March 14, 2025**. The "*Jackson* Affidavit" shall detail the good faith search efforts taken to obtain the requested documents, explaining, at a minimum, where these records were likely to be kept, what efforts were made to preserve them, whether these records were routinely destroyed, or whether a search has been conducted in every location where the records were likely to be found. Counsel for Defendants Greenleaf Restaurant, Inc. and Feng Zhu Chen is also directed to furnish the requested documents to Plaintiffs' Counsel or submit a *Jackson* Affidavit to Counsel for Plaintiffs on or before **March 14, 2025**.

(ECF No. 97.)

In addition, a briefing schedule on Plaintiffs' motion for sanctions[5] was set and oral argument held on May 27, 2025. (*Id.*) Plaintiffs' motion, specifically, seeks to impose sanctions upon: (1) the Thai Greenleaf Defendants for "failure to produce a collective list containing collective members' contact information, with the sanction to be facilitation of notice by print and online publication at Thai Greenleaf Defendants' expense"; and (2) the Greenleaf Defendants "with the sanction to be the preclusion of documents requested and not produced, and an adverse jury instruction that Greenleaf Defendants were successors in interest of Thai Greenleaf Defendants." (ECF No. 98.)

---

[4] Neither clients for Thai Greenleaf Defendants nor Greenleaf Defendants appeared at this conference.

[5] Plaintiffs motion for sanctions was to be filed on or before March 21, 2025, Thai Greenleaf Defendants and Greenleaf Defendants respective oppositions were to be filed on or before April 4, 2025, and Plaintiffs' Reply was to be filed on or before April 11, 2025. (ECF No. 97.) Plaintiffs filed their motion on March 21, 2025 (ECF Nos. 98-100), Defendants filed their respective oppositions on April 4, 2025 (ECF Nos. 101-102), and Plaintiffs filed their reply on April 13, 2025. (ECF No. 103.)

## THE LEGAL FRAMEWORK

Rule 16 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions—including those authorized by Rule 37(b)(2)(A)(ii)-(vii)— when a party fails to appear at a court-ordered conference or fails to comply with other pretrial orders. Fed. R. Civ. P. 16(f); *see Allied 100, LLC v. Chadha*, No. 20-CV-03493 (AMD) (PK), 2021 WL 7184241, at *6 (E.D.N.Y. July 26, 2021) ("A party that fails to cooperate in discovery or comply with court orders is subject to sanctions under Rule 37 of the Federal Rules of Civil Procedure."). When considering the appropriate sanction, courts look to: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-complaint party had been warned of the consequences of ... noncompliance." *Sanchez v. Jyp Foods Inc.*, 16-CV-4472 (JLC), 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

"The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." *Perros v. Cnty of Nassau*, CV 15-5598 (GRB)(AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021) (noting that "Rule 37 is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information") (internal quotation and citation omitted). With this discretion, the Court is granted a panoply of options once it is determined that discovery sanctions are warranted. "Rule 37 provides a district court with a wide range of sanctions which it may apply to a wide range of circumstances -- potential sanctions extend from payment of expenses and similar monetary sanctions at one end of the spectrum to default judgment on the other." *Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc.*, No. CV176499 (ADS)(AKT), 2019 WL 2436239, at

*5 (E.D.N.Y. Mar. 6, 2019), *report and recommendation adopted*, 2019 WL 1986606 (E.D.N.Y. May 6, 2019). The sanction of striking a defendant's answer and entering a default is a severe sanction and is only appropriate "in the most extreme cases." *Id.*

When a party has exhibited misconduct that warrants sanctioning, but the misconduct is not as offensive as to warrant striking of the answer and entering default, courts will impose other, less draconian sanctions. *See e.g.*, *Abante Rooter & Plumbing, Inc.* 2019 WL 2436239, at *6. ("[T]he Court concludes that a default judgment as a sanction under Rule 37 would not be appropriate in the instant circumstances. However ... in the absence of any justification for [Defendant's] conduct, it is clear to the Court that some form of sanction under Rule 37 is appropriate"); *Airlines Reporting Corp. v. Grecian Travel, Inc.*, 170 F.R.D. 351 (E.D.N.Y. 1995) ("Here, [Defendant's] actions do not quite reach the level where such extreme sanctions should be imposed ... [Defendant's] dilatory behavior warrants an order compelling discovery"). Indeed, the Rules authorize sanctions in the form of "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designate claims or defenses, or from introducing designated matters in evidence," and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii).

Moreover, pursuant to Fed. R. Civ. P. 37(d), the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Under this provision, sanctions include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" in addition to "reasonable expenses, including attorney's fees, caused by the

failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(3).

It is within this framework that the Court considers Plaintiffs' motion for sanctions.

## DISCUSSION

### a. *Failure to Produce* Jackson *Affidavits*

On March 10, 2025, this Court directed compliance with discovery obligations *or* to "serve a *Jackson* Affidavit . . . on or before March 14, 2025 [which] shall detail the good faith search efforts taken to obtain the requested documents, explaining, at a minimum, where these records were likely to be kept, what efforts were made to preserve them, whether these records were routinely destroyed, or whether a search has been conducted in every location where the records were likely to be found." (ECF No. 97.) [6]

Mr. Stebe asserts that "Defendants will continue its search and provide a *Jackson* affidavit after thorough search has been completed." (*See* ECF No. 102 at p. 2.) The Court is extremely skeptical of this assurance in light of the recent non-compliance with the Court's directive to produce a *Jackson* Affidavit and lack of explanation from Mr. Stebe why one has not been submitted to date. As of the Oral Argument, counsel for Thai Greenleaf Defendants had not provided Plaintiffs' counsel with a *Jackson* Affidavit.

As for the Greenleaf Defendants, Mr. Gajjar contends that a *Jackson* Affidavit could not be filed before Defendants conducted a thorough search but "can affirm under penalties of perjury that such efforts were made for documents that do not exist or cannot be located." (ECF

---

[6] A "*Jackson* affidavit" refers to an affidavit or declaration filed by a party that claims that the documents sought do not exist. The affidavit, deriving its name from a New York state case *Jackson v. City of New York*, 586 N.Y.S.2d 952 (App. Div. 1st Dep't 1992), should include statements that (i) a thorough search has been conducted where the documents would likely reside, (ii) the results of the search, and (iii) an explanation of where and how the documents would have been maintained.

No. 101 at p. 3.) Though such a statement *appears* to conform to the underlying goals of a *Jackson* Affidavit, submitting the Affidavit speaks louder than assuring the Court that a search was conducted. *See Pincus Law Group, PLLC v. MJ Connections, Inc.*, No. 23-CV-05528 (SJB) (JMW), 2025 WL 1070384, at *4 (E.D.N.Y. Apr. 9, 2025) ("[W]ell done is better than well said."). Instead of serving a *Jackson* Affidavit by the time mandated by this Court, Mr. Gajjar provided Plaintiffs' counsel with an affidavit on the morning of the oral argument describing the documents in possession of his client and affirming that a thorough and diligent search has been completed. In addition, counsel for Greenleaf Defendants produced bank records to Plaintiff on that same date. Counsel for Plaintiff ultimately agreed at oral argument that upon examination the affidavit appeared to satisfy what the Court had directed.

Despite having an opportunity to do so in their opposition papers to Plaintiffs' sanctions motion, both Defendants failed to comply with the undersigned's directive to submit a *Jackson* Affidavit by a date certain. The time for compliance has come and gone. The undersigned now proceeds to analyze whether the imposition of sanctions requested by Plaintiffs' is appropriate under the circumstances.

###### b. *Imposition of Sanctions Against the Thai Greenleaf Defendants*

Plaintiffs seek to impose sanctions against the Thai Greenleaf Defendants for their "failure to produce a collective list containing collective members' contact information, with the sanction to be facilitation of notice by print and online publication at Thai Greenleaf Defendants' expense . . . .". (ECF No. 98 at pp. 1-2.) Specifically, the Thai Greenleaf Defendants failed to comply with the September 20, 2024 order to produce a more detailed collective list, and the March 10, 2025 order directing them to produce either a collective list or *Jackson* Affidavit by March 14, 2025. (ECF No. 99, Troy Decl. ¶ 3.) Consequently, as Plaintiffs aver, their requested

11

sanction under Fed. R. Civ. P. 37(b)(2) is "both usual and justified" considering their reason for non-compliance with the collective list mandates—their failure to keep and maintain records of employee contact information—violates federal and state record-keeping requirements. (ECF No. 100 at p. 1.)  Thai Greenleaf Defendants conceded at oral argument that the collective list was not produced, and that providing notice as Plaintiffs urge is the only viable method under the circumstances.

The FLSA mandates, in relevant part, that every employer "shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him" and "preserve such records for such periods of time, and shall make such reports therefrom to the Administrator *as he shall prescribe by regulation* . . . as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder." 29 U.S.C. § 211(c) (emphasis added). Indeed, "[t]he DOL has enacted regulations that detail the precise records an employer must keep on every employee." *Solis v. SCA Restaurant Corp.*, 938 F. Supp. 2d 380, 397–98 (E.D.N.Y. 2013) (referencing 29 C.F.R. § 516.2(a)).

Pursuant to 29 C.F.R. § 516.2, "[e]very employer shall maintain and preserve payroll and other records containing the following information and data with respect to each employee to whom section 6 and 7(a) of the Act apply: (1) [n]ame in full . . . (2) [h]ome address, including zip code, (3) date of birth, if under 19, (4) sex and occupation in which employed . . . ." Indeed, 29 C.F.R. § 516.5 mandates that "[e]ach employer shall preserve for *at least* 3 years . . . all payroll of other records containing the employee information and data required under any of the applicable section of this part . . . .". Where an employer fails to comply with 29 C.F.R. § 516, the employer has "per se" violated the Act. *See Solis*, 938 F. Supp. 2d at 398. Similarly, the

12

regulations underlying the New York Labor Law require, in relevant part, that "[e]very employer shall establish, maintain, and preserve *for at least six years* weekly payroll records which shall show for each employee: (1) name and address; [and] (2) social security number or other employee identification number . . . .". N.Y.C.R.R. § 146-2.1 (emphasis added).

Rather than address the federal and New York state regulations underlying Plaintiffs' arguments, Thai Greenleaf Defendants' sole argument is that "all documents concerning prior employees have been provided and that there is nothing further in Defendants' possession on this issue." (ECF No. 102 at p. 2.) Mr. Stebe's previously provided W-2s, however, do not provide information sufficient for proving notice because, namely, the W-2s do not provide the former employee's addresses. (*See* ECF No. 93.) By Mr. Stebe's assertion that no further information is in Defendant's possession, he effectively concedes that the Thai Greenleaf Defendants failed to maintain the requisite information demanded by the relevant regulations. *See Solis*, 938 F. Supp. 2d at 398 (finding defendants violated 29 C.F.R. § 516.2 where they failed to preserve the conditions prescribed by the Regulations).

Consequently, the sanction of publication of notice at Thai Greenleaf Defendants' expense is a proper sanction under the circumstances. *See Quiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 98 (S.D.N.Y. 2020) (noting that although publication of notice in a newspaper at Defendants' expense was premature, such a sanction would be entertained by the court where it is shown that defendants "are unable to provide contact information"); *see also Lin v. Joe Japanese Buffet Restaurant Inc. et al*, No. 17-cv-03435-WFK-CLP, ECF No. 50 (E.D.N.Y. Jan. 26, 2018) (Minute Entry) ("In light of defendants' failure to maintain books and records identifying their employees and containing contact information for them, plaintiff may publish an abbreviated Section 216(b) notice at defendant's expense."); *see also Wang v. Happy Hot*

13

*Hunan Restaurant, Inc. et al,* No. 17-cv-0201-RA-JLC, ECF No. 26 (S.D.N.Y. Apr. 23, 2018) (noting that "defendants have failed to provide more than a handful of the names and last known addresses of collective members" even though "defendants have made an effort to produce the names and addresses and have not been able to provide information with respect to the vast majority of the collective," thereby directing newspaper publication of the notice at defendants' expense). Indeed, such a form of sanctions is well within the "substantial discretion" that courts have in the FLSA context to "authorize notice and discovery." *Ji Li v. Ichiro Rest. Inc.*, No. 14-CV-10242 (AJN)(JCF), 2015 WL 6828056, at *5 (S.D.N.Y. Nov. 5, 2015).

Accordingly, that part of Plaintiffs' motion requesting facilitation of notice by print and online publication at Thai Greenleaf Defendants' expense is granted.

### c. *Imposition of Sanctions Against the Greenleaf Defendants*

Plaintiffs seek to impose additional sanctions against the Greenleaf Defendants in the form of "preclusion of documents requested and not produced, and an adverse inference instruction that Greenleaf Defendants were successors in interest of Thai Greenleaf Defendants." (ECF No. 98 at p. 2.) The Greenleaf Defendants failed to produce, or search for, the documents requested in Feng's deposition, through emails, and during Court conferences before March 14, 2025.[7] (*See* ECF No. 100 at pp. 1-2; ECF No. 97.) Accordingly, Plaintiffs aver that a sanction under Rules 37(b)(2) and 37(d) precluding the Greenleaf Defendants from using the requested documents as evidence and instructing that the Greenleaf Defendants be deemed successors of interest of Thai Greenleaf Defendants, is warranted. (*Id.* at p. 2.) The Court considers each sanction in turn.

---

[7] On the morning of Oral Argument, counsel for Greenleaf Defendants provided counsel for Plaintiffs with bank records in his client's possession.

i.     *Preclusion of Documents*

Plaintiffs are seeking to preclude the Greenleaf Defendants from offering evidence based on the documents previously requested but not produced by the Greenleaf Defendants. (ECF No. 99, Troy Decl. ¶ 2.) The decision whether to issue a preclusion order is within the discretion of the trial court. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297-98 (2d Cir. 2006). "[P]reclusion of evidence is a harsh remedy, [and] it should be imposed only in rare situations." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156–57 (S.D.N.Y. 2012) (internal citations and quotations omitted). "In determining whether preclusion of evidence is an appropriate sanction, a court should consider: '(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the excluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence; and (4) the possibility of a continuance.'" *Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 296 (S.D.N.Y. 2024) (citation omitted); *see Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (reiterating the same factors).[8]

*First*, the Greenleaf Defendants' justification for failing to comply with the requested documents is that they have attempted to look for the information and have failed to locate it. (*See* ECF No. 101 at p. 3.) As noted above, though a *Jackson* Affidavit was provided on the day of Oral Argument, counsel for the Greenleaf Defendants offered no justification for its non-compliance with the requirements set by this Court during the March 10 conference. *See Jackson*, 586 N.Y.S.2d at 953 ("[T]he affidavit provided the court with no basis to find that the search had been a thorough one or that it had been conducted in a good faith effort to provide

---

[8] Neither party addresses these factors, ones that a court "*must* consider when determining whether preclusion is an appropriate[.]" *Pilitz v. Inc. Vill. of Freeport*, No. 12-cv-5655 (JS) (ARL), 2020 WL 6945927, at *3 (E.D.N.Y. Nov. 25, 2020) (emphasis added) (referencing *Patterson*, 440 F.3d at 117).

these necessary records to plaintiff.") As such, where the explanation for non-compliance is deficient or unsupported, this factor weighs in favor of preclusion. *See Schneidermesser v. NYU Grossman School of Medicine*, No. 21 Civ. 7179 (DEH), 2024 WL 4054372, at *3 (S.D.N.Y. Sept. 5, 2024).

*Second*, Plaintiffs' Amended Complaint asserts claims that "GREENLEAF RESTAURANT INC. and FENG ZHU CHEN are liable for Plaintiffs' unpaid wages and other wage-and-hour damages as successors." (ECF No. 51 at ¶ 5.) The requested documents pertain to corporate governance of Greenleaf Restaurant and financial documents and statements of the Restaurant from the relevant time period—one month prior to when the sale occurred to present periods. (*See* ECF No. 99, Troy Decl. ¶ 14.) Because these requested documents, as detailed more *infra*, are crucial for Plaintiffs to establish a claim for successor liability, this factor weighs in favor of preclusion. *See Lujan v. Cabana Mgmt.*, 284 F.R.D. 50, 70-71 (E.D.N.Y. 2012) (determining the "importance of the evidence" factor weighed "heavily in favor of preclusion" where defendants failed to produce records which were "at the heart of plaintiffs' allegations").

*Third*, this case has now surpassed four years since its commencement. The issue pertaining to the production of the requested documents was initially raised one year ago in May 2024. Since then, the end date of all discovery—December 15, 2024—has come and passed, and the Court order on the last extension request that "no further requests for discovery deadline extensions will be granted." (ECF No. 94.) Allowing these additional requests at this late stage without a showing of good cause as required under Rule 16(b)(4) would invariably result in a prolonged discovery period resulting in increased expenditure of time and resources in an already protracted litigation. *See Grande v. 48 Rockefeller Corp.*, No. 21-CV-1593 (PGG) (JLC), 2023 WL 5162418, at *15 (S.D.N.Y. Aug. 11, 2023) ("Disclosing the wage notices belatedly is

16

obviously prejudicial to plaintiffs, as it is the crux of their wage notice claim."); *see also Icon Int'l Inc.*, 347 F.R.D. at 297 (collecting cases finding that prejudice exists from a failure to produce documents, and thus warrants preclusion, where documents would have been produced after depositions occur). Accordingly, the purported prejudice Plaintiffs stand to suffer favors preclusion.

*Fourth*, and similarly, "[a] continuance, which neither party has requested, would not be justified by the circumstances." *See Capitol Recs., LLC v. Escape Media Grp., Inc.*, No. 12 Civ. 6646, 2015 WL 1402049, at *28 (S.D.N.Y. Mar. 25, 2015). Here, despite numerous demands and court orders to produce the requested documents and submit a *Jackson* Affidavit, there has been clear non-compliance. The Court fails to see how a continuance would alter the Greenleaf Defendants' non-compliant behavior. *See Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 435-36 (S.D.N.Y. 2014) ("[G]ranting a continuance at this stage . . . would prolong what has become a long and tortuous case history, and would reward [] defendants for disregarding this court's orders . . . .").

Accordingly, after weighing the *Patterson* factors, the Court concludes that the Greenleaf Defendants are precluded from offering as evidence at trial any of the documents previously requested or demanded but not produced (*see supra*, p. 5) on the issue of successor liability. Excluded from this preclusion order are the bank, lease and related documents the Greenleaf Defendants produced at oral argument, which are outlined in Plaintiffs' Supplemental Briefing at 4. (*See* ECF No. 105.)

      ii.    <u>*Adverse Jury Instruction*</u>

An adverse inference instruction "is an extreme sanction and should not be given lightly." *Williams v. New York City Transit Auth.*, No. 10 CV 08822 (ENV), 2011 WL 5024280, at *11

(E.D.N.Y. Oct. 19, 2011) (quoting *Zubulake v. UBS Warburg L.L.C.*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)); *Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-cv-9363 (ALC) (DF), 2018 WL 1512055, at *8 (E.D.N.Y. Mar. 12, 2018) ("An adverse-inference instruction that missing evidence may or should be presumed to be unfavorable to the party who destroyed the evidence has long been considered an 'extreme' sanction that 'should not be given lightly.' ") (citation omitted); *see Longsworth v. Cnty. of Nassau*, No. 17-cv-6787 (KAM) (ARL), 2024 U.S. Dist. LEXIS 88724, at *6-7 (E.D.N.Y. May 15, 2024) (collecting cases finding an adverse inference instruction are severe sanctions that should be utilized in cases of egregious conduct); "An adverse inference instruction directs the jury's attention to the inference the court instructs on and can give the impression that the court thinks the jury ought to draw the inference. The suggestive force of the adverse inference instruction is precisely the reason for the court's careful analysis before ordering it." *Klezmer v. Buynak*, 227 F.R.D. 43, 52 (E.D.N.Y. 2005).

Plaintiffs request an adverse jury instruction that the Greenleaf Defendants be deemed successors in interest of the Thai Greenleaf Defendants. (ECF No. 98 at p. 2.) Plaintiffs, in their Amended Complaint, seek to establish a theory of successor liability. (*See* ECF No. 51 at ¶ 5 (alleging Greenleaf Restaurant and Feng are liable for Plaintiffs' unpaid wages and other damages as successors); ¶¶ 39-47 (asserting how successor liability was satisfied)). As counsel for Plaintiffs conceded at oral argument, whether or not the Greenleaf Defendants were successors in interest is an ultimate determinative issue in this case and is one more properly left for a jury to consider. *See Mule v. 3-D Building and Construction Management Corp.*, No. CV 18-1997 (JS) (AKT), 2021 WL 2788432, at *12 (E.D.N.Y. July 2, 2021) ("[I]n advance of trial of this action, Plaintiffs may request from the District Judge (before whom this case will be tried) permission to make a motion seeking an adverse inference instruction as to those matters);

*see also Sokolow v. Palestine Liberation Organization*, No. 04-CV-397 (GBD) (RLE), 2014 WL 5313930, at *4-5 (S.D.N.Y. Oct. 17, 2014) (denying a motion for sanctions seeking to impose an adverse jury instruction, noting that "[b]oth parties can present their case to the jury, which can make its own findings.")  In short, the requested instruction effectively addresses the ultimate issue of successor liability.

Moreover, after counsel for Plaintiffs was unable to cite any case law support for their request for a sanction of this nature, namely, an adverse inference instruction on the ultimate claim of successor liability, the Court permitted counsel for Plaintiffs the opportunity to "file additional case law on the imposition of an adverse jury instruction in the context of successor liability . . . .". (ECF No. 104.) The cases relied upon in Plaintiffs' Supplemental submission[9] do not compel a contrary conclusion.

Plaintiffs rely on *Mule v. 3-D Building and Construction Management Corp.* where the court imposed an adverse jury instruction sanction for spoliation of evidence, namely after finding that files were "discarded with the intent to deprive." 2021 WL 2788432, at *12. The court in *Mule* determined that an adverse instruction was not appropriate at the case's early stage and concluded that should plaintiffs specifically prove that there were gaps in the documentary record, and those gaps were the result of defendant's spoliation of evidence relating to successor liability, "then, in advance of trial of this action, Plaintiffs may request from the District Judge (before whom this case will be tried) permission to make a motion seeking an adverse inference instruction as to those matters." *Id.* at *17. Here, no argument has been made, nor evidence

---

[9] Though Plaintiffs' supplemental submission was to include only case law addressing the adverse inference charge, Plaintiffs submission went far beyond that directed.  That is, Plaintiffs filed a 202-page document inclusive of a memorandum of law, *Jackson* Affidavits dated May 27, 2025, deposition transcripts, and various W2's. The undersigned will solely consider the submission made pursuant to the Court's explicit directive to provide authority on the issue of an adverse inference charge on successor liability.

submitted, that there was spoliation of evidence. The purported reasoning for non-production was that the Greenleaf Defendants simply did not have the documents, not that they acted negligently or with an intent to deprive. Additionally, like Judge Tomlinson in *Mule*, the undersigned finds it more appropriate that Chief Judge Brodie "before whom this case will be tried" determine the propriety of any adverse instruction as to successor liability.

Plaintiffs also cite *Anhui Konda Green Lighting Co. v. Green Logic Led Electrical Supply, Inc.* where the court granted plaintiff's motion for an adverse inference "with respect to the interrelatedness of the corporate defendants." No. 18-cv-12255 (MKV) (KHP), 2021 WL 807209, at *4 (S.D.N.Y. Mar. 3, 2021). There, though defendants produced some documents relating to the various corporations' structure, defendants did not produce other basic corporate documents after withholding the documents on grounds that they were irrelevant and through "evasive tactics" which led the court to conclude "Defendants' behavior indicates they [were] deliberately hiding information." *Id.* at *4. Conversely, here, no evasive behavior has been established by Plaintiffs, nor can the Court ascertain how the Greenleaf Defendants' justification for non-production amounts to "deliberately hiding information."

Accordingly, at this juncture, the Court finds that the harsh sanction of an adverse jury instruction is not appropriate or supported by the case law, and thus denies that branch of Plaintiffs' motion requesting an adverse jury instruction against the Greenleaf Defendants.

### iii.    *Monetary Sanctions*

During oral argument counsel for Plaintiffs raised, for the very first time, an application for monetary sanctions against the Greenleaf Defendants for the charges Plaintiffs incurred in bringing their motion for sanctions. Pursuant to Local Rule 7.1(a)(1) of the United States District Courts for the Southern and Eastern Districts of New York, "*all* motions . . . *must* include . . . [a]

notice of motion, or an order to show cause signed by the court, that specifies the rules or statutes under which the motion is brought *and the relief sought . . . .*". (emphasis added). It follows, therefore, where a form of relief is not included in the notice of motion, the requested relief *must* be denied. *See Shi Meng Chen v. Hunan Manor Enterprises, Inc.*, No. 17 Civ. 802 (GBD) (GWG), 2021 WL 2282642, at *9 (S.D.N.Y. June 4, 2021) (emphasis added) ("None of this relief was mentioned in the notice of motion and thus must be denied."), *report and recommendation adopted*, 2021 WL 3727093 (S.D.N.Y. Aug. 20, 2021); *see also Condal Distribs. v. 2300 Xtra Wholesalers, Inc. (In re 2300 Xtra Wholesalers, Inc.*, No. 10-CV-7292, 2011 WL 672353, at *1 (S.D.N.Y. Feb. 4, 2011) (noting that failure to comply with Rule 7.1 "alone is sufficient to warrant dismissal of the motion"). Nowhere in Plaintiffs' Notice of Motion is there a request for monetary sanctions against the Greenleaf Defendants. Rather Plaintiffs seek only preclusion of documents and/or an adverse jury instruction. (*See* ECF No. 98). Accordingly, the application for monetary sanctions is denied.

Notwithstanding this procedural flaw, after hearing the parties' respective positions on this issue during oral argument, even if considered, the imposition of monetary sanctions would not be warranted. Fed. R. Civ. P. 37 provides, in relevant part, that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed R. Civ. P. 37(b)(2)(C), (d)(3). Counsel for Greenleaf Defendants raised during Oral Argument that his client has been, and continues to be, ill and has undergone surgeries, all of which has culminated into her being significantly limited in complying with the Court's discovery demands. These circumstances, which amount to a "substantial justification," would warrant the monetary sanctions application

to be denied. *See Burgie v. Euro Brokers, Inc.*, No. CV-05-0968 (CPS), 2007 WL 1704178, at *7 (E.D.N.Y. June 12, 2007) (illness constituting a substantial justification for the delay in complying with court orders). Similarly, these limitations raised during oral argument about Feng Zhu Chen's physical limitations and efforts at complying since her health has recovered rebuts the culpable mental state required for an imposition of monetary sanctions—a knowing or negligent failure to produce evidence. *See Fossil Indus., Inc. v. Onyx Specialty Papers, Inc.*, 302 F.R.D. 288, 293 (E.D.N.Y. 2014).

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs motion for sanctions (ECF No. 98) is **GRANTED in part and DENIED in part**. As for the **Thai Greenleaf Defendants**, they are directed to meet and confer with counsel for Plaintiffs and submit, on or before **June 13, 2025**, a joint letter outlining the agreed upon the text of the notice, the dates of publication, and venue for publication, with publication expenses to be borne by those Defendants. As for the Greenleaf Defendants, they are precluded from offering at trial any evidence or documents that have been requested but not produced.  The Court denies that part of Plaintiffs' motion seeking the imposition of an adverse jury instruction against the Greenleaf Defendants and denies the belated oral application for the imposition of monetary sanctions.

Dated:   Central Islip, New York
         May 28, 2025

S O   O R D E R E D:

/s/  *James M. Wicks*

     JAMES M. WICKS
United States Magistrate Judge

22